UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CESAR MARQUEZ III, BRANDON MAXWELL, ASHTON THOMPSON AND ANTHONY TORRES,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PERTH AMBOY, PERTH AMBOY POLICE DEPARTMENT, OFFICERS DAVID GUZMAN, BENJAMIN RUIZ, GUADALUPE MUNOZ, RAFAEL PINEIRO, JOHN M. WONSKI, DAMON CLARK, ISAIAS VAZQUEZ, JOSEPH SASSINE, EMMA CABRERA, JESUS MARTINEZ, PAT DEJOY, and DAVID FORMEZA, ADEL TAWFIK, JOHN DOES (1-3) (who were the owner(s) of the businesses located at 341 and 343 Colfax Street, Perth Amboy, New Jersey), JOHN DOE/JANE DOW (4-100) AND ABC CORP. (1-100),<br><br>Defendants. | Civ. No. 09-CV-909 (KM)<br><br>**O P I N I O N** |

*Appearances by:*

PHILLIP B. LINDER, ESQ., LLC
1676 Route 27, 2d Fl.
Edison, NJ 08817

 *Attorney for Plaintiffs,*

APRUZZESE, MCDERMOTT, MASTRO & MARPHY, P.C.
David Yi, Esq.
Somerset Hills Corporate Center
P.O. Box 112
25 Independence Blvd

Liberty Corner, NJ 07938

*Attorney for Defendants.*

**DEBEVOISE, Senior District Judge**

The instant motion arises out of an Amended Complaint filed by Plaintiffs Cesar Marquez, Brandon Maxwell, Ashton Thomas, and Anthony Torres (hereinafter "Plaintiffs") alleging excessive use of force and related civil rights violations stemming from their arrests. The originally listed Defendants in this action are Perth Amboy Police Officers David Guzman, Benjamin Ruiz, Guadalupe Munoz, John Wonski, Damon Clark, Isaias Vazquez, Joseph Sassine, Emma Cabrera, Jesus Martinez, Pat DeJoy, and Detective Rafael Pineiro (collectively referred to as "Defendant Officers"), the Perth Amboy Police Department ("PAPD"), the City of Perth Amboy (the "City"), and Adel Tawfik the owner of the property on which the underlying incident occurred (hereinafter collectively referred to as "Defendants").

Presently before the Court is a partial motion for summary judgment to dismiss two claims in this action: 1) an excessive use of force claim against Defendant Officers pursuant to state law (count one) and federal law (count two), and 2) a negligence claim against the City and Police Department under the theory of *respondeat superior* and/or vicarious liability for the state claims (count six).

For the reasons set forth below, the partial motion for summary judgment is GRANTED in part and DENIED in part.

## I. BACKGROUND

### A. Factual History

On December 13, 2006, at around 9:00PM, the PAPD received ten calls from numerous residents reporting a large fight of approximately twenty-five to thirty males with weapons at the intersection of Grant and Colfax in Perth Amboy, NJ. It is undisputed that this intersection was a

2

problem area known for gangs and fighting. All available PAPD units were dispatched to the intersection, and a large group of men with various weapons such as sticks, rakes, knives, hoses and chains were allegedly observed at the scene. (See SUMF ¶¶ 51-57.)

Plaintiffs are among the individuals who ran from the intersection at the arrival of the first patrol car. At the time of the incident in question, Plaintiffs were between sixteen and eighteen years old and juniors or seniors at Perth Amboy High School. It is undisputed that Plaintiffs fled the scene, gave chase, and hid in a dark and cluttered junkyard and auto yard. Plaintiffs remained in groups of two as they hid from the police in the auto yard, with Messrs. Torres and Marquez together, and Messrs. Maxwell and Thompson together.

Plaintiffs were subsequently arrested for criminal trespassing for entering private property and transported to PAPD's station. Plaintiffs argue that Defendant Officers employed excessive use of force during their arrests. Plaintiffs allege that they surrendered when officers announced that no harm would result if they came out of hiding and surrendered. However, Plaintiffs allege that various officers violently attacked them without provocation and committed assault and battery on them. Plaintiffs allege that they suffered physical and emotional injury as a result.

Defendant Officers Pineiro, Sassine, and Wonski utilized compliance holds and their hands and fists to subdue and arrest Mr. Thompson, and subsequently filed "Use of Force" reports indicating the same. (See SUMF 74.) All four Plaintiffs later pled guilty to criminal trespassing.[1] An internal investigation ensued and Plaintiffs' excessive use of force complaints

---

[1] Although Mr. Thompson initially pled guilty to criminal trespassing, his disposition was deferred following a one-year period of good behavior under the plea agreement, and his matter was ultimately dismissed. (Pl.'s Ex. A, Middlesex County Prosecutor's Office Disposition letter, April 25, 2007.)

were found to be not sustained. Discovery is closed, and the record contains dozens of depositions, voluminous documentary evidence, and interrogatories.

### B. Procedural History

On December 12, 2008, Plaintiffs filed the underlying complaint which was removed on March 2, 2009. On January 12, 2010, Plaintiffs filed a Second Amended Complaint which originally set forth eight counts. Therein, Plaintiffs alleged that: 1) Defendants collectively violated Plaintiffs' civil rights as protected under New Jersey law and the Constitution, pursuant to the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1 et seq. (count one); 2) Defendants collectively violated Plaintiffs' civil rights as protected under the U.S. Constitution and 42 U.S.C. Section 1983. Specifically, Plaintiffs claim denial of medical care, physical assault, false imprisonment, excessive force, and discriminatory treatment (count two); 3) The City and the PAPD negligently hired, retained, and failed to properly train the Defendant Officers, resulting in injuries against Plaintiffs (count three); 4) The City and PAPD's policies, customs, and/or practices demonstrated a deliberate indifference to the danger that the Defendant Officers represented to the public (count four); 5) The City and PAPD failed to properly screen, train, and/or discipline the Defendant Officers, resulting in the Plaintiffs' injuries (count five); 6) The City and PAPD are responsible for the actions of the Defendant Officers because they acted as agents, servants, and/or employees when they "acted unreasonably in their pursuit and arrest" of the Plaintiffs resulting in permanent injuries (count six) (Compl. at 11); 7) Defendants falsely accused the Plaintiffs of criminal charges (count seven); 8) Defendant Adel Tawfik, who has since been dismissed, participated in the physical attack resulting in injury (count eight).

On August 27, 2012, Defendants filed the instant motion for partial summary judgment which originally addressed a multitude of outstanding issues including the lack of *respondeat superior* or vicarious liability; the claims involving: denial of medical care, false arrest and

4

imprisonment, malicious prosecution, and the negligent hire, retention, and training of officers; and the failure to set forth any allegations against Defendant Officers Clark, DeJoy, Formeza, Guzman, Martinez, Munoz, Ruiz, and Vazquez.

For purposes of the motion, Defendants collectively deny using excessive force against Plaintiffs but "are mindful that there are genuine issues of material fact regarding this issue. Defendants move for summary judgment on behalf of any Defendant Officers who undisputably [sic] did not participate in arresting any of the Plaintiffs and/or did not have any interaction with Plaintiffs on December 13, 2006." (PMSJ Br. at 3, n. 1.) Relatedly, Defendants acknowledge genuine issues of material fact regarding Mr. Thompson and his particularized allegations against Defendant Officers Pineiro, Sassine, and Wonski. Additionally, Defendants acknowledge the same as to Mr. Torres's claim of excessive use of force against Officer Cabrera. Defendants therefore argue that the balance of the excessive force allegations should be dismissed against the remaining Defendant Officers because they did not participate in the arrest of the other Plaintiffs.

Prior to Plaintiffs' submission of their Opposition brief, the parties entered into a Consent Order on October 23, 2012 which considerably narrowed the outstanding issues. (See Consent Order, ECF 69.) The Consent Order, which was signed by the Court on February 22, 2013, provides that "the only contested and remaining claims for purposes of adjudication of Defendants' Motion for Partial Summary Judgment" are:

1. Plaintiff Thompson:
    a. City of Perth Amboy, Perth Amboy Police Department (count six);
2. Plaintiff Torres:
    a. Defendant Officers Clark, DeJoy, Guzman, Martinez, Munoz, Vazquez, City of Perth Amboy, Perth Amboy Police Department (counts one, two, six);
3. Plaintiff Marquez:

    a. Defendant Officers DeJoy, Guzman, Martinez, Munoz, Vazquez, City of Perth Amboy, Perth Amboy Police Department (counts one, two, six);
4. Plaintiff Maxwell:
    a. Defendant Officers Clark, DeJoy, Guzman, Martinez, Munoz, Vazquez, City of Perth Amboy, Perth Amboy Police Department (counts one, two, six).

(See id.)

In addition to listing the individual parties and related claims for purposes of the instant motion, the Consent Order also dismissed outstanding claims, which are set forth and numbered here for clarity:

1) Counts Three, Four, Five, and Seven of Plaintiffs' Second Amended Complaint are dismissed with prejudice as to all Defendants;
2) All claims alleged by Plaintiffs against Defendants 1) Formeza and 2) Ruiz are dismissed with prejudice;
3) All claims alleged by Plaintiffs Marquez, Maxwell, and Thompson against Defendant Cabrera are dismissed with prejudice;
4) All claims alleged by Plaintiffs Marquez, Maxwell, and Torres against Defendants Pineiro, Sassine, and Wonski are dismissed with prejudice;
5) All claims by Plaintiffs against the City of Perth Amboy and its Police Department are dismissed except as to Count Six;
6) All claims alleged by Plaintiffs Marquez and Thompson against Defendant Clark are dismissed with prejudice;
7) All claims alleged by Plaintiffs Thompson and Defendant Munoz are hereby dismissed with prejudice;
8) All claims alleged by Plaintiffs Thompson against Defendant Martinez are dismissed with prejudice;
9) The only remaining claim within Counts One and Two are dismissed, and the only remaining claim within these Counts is "excessive force."

(See id.)

On October 12, 2012, Defendants filed a reply brief which referred to the Consent Order, but curiously excluded specific officers included therein.[2] The Court relies directly on the terms

---

[2] Defendants submit:

6

of the Consent Order. It is noteworthy that Plaintiffs' opposition brief does little to address the individualized parties, as the legal argument simply lumps the parties together. Indeed, Plaintiffs' sole mention of the individuals in its argument section is found in the concluding sentence: "The individual defendants, Guzman, DeJoy, Martinez, Vazquez, Munoz and Clark have clearly shown to have been at the scene and/or actually involved with the plaintiffs. (See Par. 78-80 and 83-86 of Plaintiffs' Reply to defendants' [sic] Statement of Material Facts)[.]" (Opp. Br. at 10.)

Finally, Defendants request the Court to: 1) Dismiss with prejudice all counts as to Defendants PAPD and the City; 2) Dismiss with prejudice all counts as to Defendants Clark, DeJoy, Formeza, Guzman, Martinez, Munoz, Ruiz, and Vazquez; 3) Dismiss Counts Three, Four, Five, Six, and Seven with prejudice as to all Defendants; 4) Dismiss all counts with

---

[P]ursuant to the parties' Consent Order, the **only** remaining issues with respect to Defendants' Motion for Partial Summary Judgment are the following:

1. As to Plaintiff Thompson:
   a. Defendants City of Perth Amboy, and its Police Department (Count Six);
2. As to Plaintiff Torres:
   a. Defendant Officer Munoz, City of Perth Amboy and its Policy Department (Counts One, Two and Six);
3. As to Plaintiff Marquez:
   a. Defendant Officers Munoz, Vazquez, Clark, and Guzman, City of Perth Amboy and tis Police Department (Counts One, Two, Six);
4. As to Plaintiff Maxwell:
   a. Defendant Officers Clark, Martinez City of Perth Amboy and its Police Department (Counts One, Two and Six).

(Reply Br. at 1.)

7

prejudice against Defendant Cabrera by Plaintiffs Thompson, Maxwell, and Marquez; and 5) Dismiss all counts with prejudice by Plaintiffs Marquez, Torres, and Maxwell against Defendants Pineiro, Wonski, and Sassine. (See Reply Br. at 12.)

Defendants' request is overbroad, as the Consent Order already addressed and dismissed much of these contentions. First, the Court has already dismissed all counts as to Defendants PAPD and the City, with the exception of count six, which is outstanding and addressed below. (See Court Order, point (5) *supra*.) Second, the Court has already dismissed all counts with prejudice as to Defendants Formeza and Ruiz, and the remaining defendants are outstanding and addressed below. (See id., point (2), *supra*.) Third, the Court has already dismissed Counts three, four, five, and seven with prejudice as to all defendants, and counts one, two, and six are still outstanding and addressed below. (See id., point (1), *supra*.) Fourth, the Court has already dismissed all counts against Defendant Cabrera by Plaintiffs Thompson, Maxwell, and Marquez. (See id., point (3), *supra*.) Fifth, the Court has already dismissed all counts as to Plaintiffs Marquez, Torres, and Maxwell with prejudice as to Defendants Pineiro, Wonski, and Sassine. (See id., point (4), *supra*.)

Thus, the first issue addressed by the Court is whether Plaintiffs have demonstrated any genuine issues of material fact concerning the excessive use of force by Defendant Officers Clark, DeJoy, Guzman, Martinez, Munoz, and Vazquez in the events of December 13, 2006. The second issue addressed is the extent of the City's liability.

## II.     DISCUSSION

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id.

Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact. Fed. R. Civ. P. 56(c)(1)(A); United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

> [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

However, the Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party. Hunt v. Cromartie, 526 U.S. 541, 552 (1999). See also Scott v. Harris, 550 U.S. 372, 378 (2007) (The district court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion.").

Moreover, the nonmoving party must show by competent evidence that factual disputes regarding material issues of fact exist. "[O]nly evidence which is admissible at trial may be

considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F. Supp. 474, 482 (D.N.J. 1995).

B. Analysis

1. **Liability of Defendant Officers for excessive use of force**

Defendants argue that "[a] review of the record before this Court reveals that as a factual matter several Defendant Officers could not have violated Plaintiffs' civil rights because they did not interact with Plaintiffs on December 13, 2006, or their contact with Plaintiffs was of a fleeting or incidental moment." (PMSJ Br. at 31.) In response to Defendants' statement of facts, Plaintiffs minimally reference the record to demonstrate the presence of a genuine issue of material fact. Plaintiffs contend that the record demonstrates that Defendant Officers "Guzman, DeJoy, Martinez, Vazquez, Munoz, and Clark have clearly shown to have been at the scene and/or actually involved with the plaintiffs." (Opp. Br. at 10.) Despite nearly four years of discovery, the confirmation of individual identifications here has been minimal. The Court has therefore examined the record on which the parties rely, and addresses each outstanding Defendant Officer in turn.

a. **Defendant Officer Clark**

With regard to Defendant Officer Clark, Defendants argue that it is "undisputed that there is no record evidence that Plaintiffs Marquez, Torres, and Thompson had any interaction with Defendant Clark. Accordingly, all claims by these Plaintiffs against Clark must be dismissed with prejudice." (Reply Br. at 4.) As per the Consent Order, the only remaining claims against Defendant Clark for the purposes of the instant motion are brought by Messrs. Torres and Maxwell.

Plaintiffs have not raised any genuine issue of material fact regarding the involvement of Defendant Officer Clark towards Mr. Torres in their statement of facts. Thus, the claims brought by Mr. Torres against Defendant Officer Clark are dismissed.

However, a genuine issue of material fact remains as to Defendant Clark's involvement with Mr. Maxwell. Defendants rely on the testimony of Defendant Clark to support the argument that he did not assist any Defendant Officer in placing Plaintiffs in custody while he was in the junkyard. (Defs.' SUMF ¶ 78, relying on Ex. 8, Clark Dep. 37:25-38:2; 7-9; 42:6-8; 51:23-52:6.) However, Plaintiffs point to Defendant Clark's admission that Plaintiff Maxwell "was placed in custody and I processed him . . . at headquarters." (Pls.' Ex. B, Officer Clark Special Report). Moreover, Mr. Maxwell gave a statement to the city's internal affairs detective that Defendant Clark grabbed him by the shirt and threw him on the ground. (See Pls.' Ex. C, Det. Sciortino's Internal Affairs Report for Ashton Thompson, PA 0017) ("Brandon . . . ran down the dead end into the junkyard and hid. Then the cops came and ordered them to come out. They stood up and Officer Clark, who Brandon was familiar with grabbed him by the shirt and threw him on the ground while he was on the ground someone hit him in the face, and he was handcuffed.") Therefore, despite Defendants' contention that Defendant Officer Clark should be dismissed because he did not interact with Plaintiffs, the record indicates otherwise when taken in the light most favorable to the nonmoving party.

In sum, the claims brought against Defendant Officer Clark by Mr. Torres are dismissed and those brought by Mr. Maxwell shall remain because reasonable inferences in the light most favorable to the non-moving party illustrate that Defendant Clark was at the scene, interacted with Mr. Maxwell, and may have cause for an excessive use of force claim before a trier of fact.

### b. Defendant Officer DeJoy

As per the Consent Order, the outstanding claims relevant to the instant motion regarding Defendant DeJoy are raised by Messrs. Torres, Marquez, and Maxwell. Defendants submit that Defendant DeJoy "did not have any interaction with Plaintiffs, nor was he involved in the apprehension or search of any Plaintiffs on December 13, 2006." (PMSJ Br. at 31, Reply Br. at 12.) Defendants note that Defendant DeJoy was involved with the detainment of two suspects, none of which were Plaintiffs. "Defendant DeJoy had to remain with his suspects while they were in his custody and he stayed in the police cruiser." (Reply Br. at 13, relying on Ex. 11, DeJoy 12:1-8.) Plaintiffs point the Court's attention to Defendant DeJoy's Special Report to the Office of Professional Standards, which indicates that DeJoy responded to the scene on Colfax Street and observed several youth running in different directions: "I detained two subjects who were standing at the east end of Colfax St. until it could be determined that they were involved. The two subjects one of them with the last name Arkins, was later charged by G.P.O. units." (Pls.' Ex. D, DeJoy Special Report.) Plaintiffs seem to argue that Defendant DeJoy should not be dismissed because he was at the scene, and was involved in the apprehension of one suspect whose identity he did not know. (Pls.' Statement of Facts ¶ 79, Opp. Br. at 10.) However, Plaintiffs have had nearly four years of discovery to ascertain additional facts to implicate Defendant DeJoy. The Court cannot rest on Defendant DeJoy's failure to identify one apprehended individual to allow the claims against him to continue. Plaintiffs have failed to provide any genuine issue of material fact regarding his involvement with any of the named plaintiffs. Therefore, the claims against Defendant DeJoy are dismissed.

### c. Defendant Officer Guzman

The claims raised against Defendant Guzman in the instant motion are raised by Messrs. Torres, Marquez, and Maxwell. Defendants submit that Defendant Guzman did not arrest or interact with Plaintiffs on the evening in question. (PMSJ Br. at 32.) In turn, Plaintiffs rely on an internal affairs report which recounts that Officer Guzman reported observations made of Mr. Torres's physical and medical condition. (See Pl.'s Ex. E, Det. Sciortino's Report for Anthony Torres, Dec. 18, 2006) ("Guzman reports that at the time of arrest [Torres] was observed with several bruises and a small laceration on his face. He was asked if he needed any medical attention, and refused. While he was being processed [Torres] stated that he was feeling nauseous. At 2250 Hrs E.M.S. was notified. Anthony was then transported to Raritan Bay Medical Center by E.M.S. and released to his mother, Marilyn Rivera."). Defendant Guzman's observations of Mr. Torres's physical and medical conditions do not indicate his direct contact with Mr. Torres regarding the excessive use of force claim. The claim against Defendant Guzman regarding his involvement with Mr. Torres can therefore be dismissed. Because Plaintiffs have failed to raise any genuine issues of material fact regarding Defendant Guzman's involvement with any of the Plaintiffs, the claims against Defendant Guzman are dismissed in entirety.

### d. Defendant Officer Martinez

The Court next considers the claims brought by Messrs. Torres, Marquez, and Maxwell against Defendant Officer Martinez. Again, Defendants argue that Defendant Martinez did not have any direct physical contact with any of the named plaintiffs. Plaintiffs only deny the contention as to Messrs. Torres and Maxwell. Thus, Plaintiffs effectively admit the point as to Mr. Marquez, and the claims raised by Mr. Marquez against Defendant Officer Martinez are therefore dismissed.

Defendants rely on the deposition testimony of Defendant Martinez to support the argument that he did not have any direct physical contact with any plaintiffs. (Ex. 14, Martinez Dep. Dep. 37:19-25; 38:1; 6-8.) However, Mr. Marquez specifically identified Defendant Martinez as "hitting individuals" at the scene. (Pls.' Ex. F, Sciortino Report for Marquez, PA 0001, Dec. 18, 2006). Notably, neither Messrs. Torres nor Maxwell testified in their respective depositions, nor could they identify to Detective Sciortino, that Defendant Martinez hit them.

Even reviewing the facts in the light most favorable to the non-moving party, Plaintiffs have failed to raise a genuine issue of material fact as to Defendant Martinez's use of excessive force against Messrs. Torres and Maxwell. While another Plaintiff, Mr. Marquez, identified Defendant Martinez as "hitting individuals" at the scene, there is no evidence to support the notion that that purported violence was directed at the particular plaintiffs in question, despite nearly four years of discovery. Indeed, Messrs. Torres and Maxwell were unable to identify Defendant Martinez as being involved in the attack against them.

In sum, the claims raised by Messrs. Marquez, Torres, and Maxwell against Defendant Officer Martinez are dismissed.

### e. Defendant Officer Munoz

Messrs. Torres, Marquez, and Maxwell next raise claims against Defendant Officer Munoz. Defendants submit that Defendant Munoz's participation that evening was limited to transporting Plaintiff Marquez and another individual to police headquarters. "Said individuals had already been secured and handcuffed by the time Defendant Munoz transported them to the station." (SUMF 85, Ex. 10, Munoz Dep. 15:1-21.) However, Plaintiffs deny this factual allegation and direct the Court to Plaintiff Marquez's reporting to Det. Sciotrino that Munoz was

"hitting everyone." (Pls.' Ex. F, Sciotrino Report for Marquez, PA 0001, Dec. 18, 2006.) Additionally, Officer Cabrera reported that Officer Munoz assisted her by handcuffing a second male at the scene. (Pls.' Ex. E, Sciortino Report for Torres, PA0033, Jan 15, 2007.) Plaintiffs suggest that Officer Munoz's report further indicates that Officer Cabrera "secured . . . Cesar Marquez." (Pl.'s SUMF Para 85, referencing Pls.' Ex. G, Munoz Report) However, a closer review of this report indicates that Mr. Marquez was secured and transported, but does not name the Officer involved therein. (Pls.' Ex. G.) Taking the evidence in the light most favorable to the Plaintiffs, a genuine issue of material fact has been raised such that a reasonable trier of fact could find that Defendant Officer Munoz was directly involved in securing and handcuffing individuals at the scene. Therefore, the excessive use of force claims by Messrs. Torres, Marquez, and Maxwell against Defendant Officer Munoz cannot be dismissed at this time.

   f. **Defendant Officer Vazquez**

As per the Consent Order, Messrs. Torres, Marquez, and Maxwell raise an excessive use of force claim against Defendant Officer Vazquez. Plaintiffs point to Detective Sciortino's report that Mr. Marquez told him that Defendant Vazquez "was at the scene." (Pls.' SUMF ¶ 86.) However, Defendant Officer Vazquez's presence at the scene is independent of whether he used excessive force against the individual plaintiffs named here. Accordingly, the outstanding claims brought by Messrs. Torres, Marquez, and Maxwell against Defendant Officer Vazquez for excessive use of force are dismissed.

   2. **Liability of City of Perth Amboy and Perth Amboy Police Department pursuant to *respondeat superior* or vicarious liability**

The remaining issue is whether the City is liable under the theories of *respondeat superior* or vicarious liability for the excessive use of force committed upon Plaintiffs pursuant

15

to count six. Plaintiffs contend that Officers "without provocation, violently attack[ed] the plaintiffs and committed an assault and battery on them." (Compl. ¶ 6.) In support of its argument, Plaintiffs reference no case law, and simply reference the New Jersey Torts Claims Act, N.J.S.A. 59:2-2a, which provides that a "public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." However, Defendants persuasively argue that tortious assault and battery are undisputedly categorized as intentional tort claims, which cannot attach to City Defendants through vicarious liability. (Reply Br. at 8-9.)

A municipality cannot be held liable under Section 1983 for the actions of its agents or employees under a theory of *respondeat superior*. See Monell v. Dep't of Soc. Serv. Of N.Y., 436 U.S. 658, 694 (1978); Groman v. City of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995). Rather, "[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (citing Monell, 436 U.S. at 658). However here, Plaintiffs have failed to identify any such policy or custom, or even a policymaker. Moreover, any basis for liability under the Monell doctrine pursuant to inadequate training or supervision or improper hiring were dismissed by the Consent Order.[3] Accordingly, the Section

---

[3] See e.g., City of Canton v. Harris, 489 U.S. 378, 388 (1989) (Municipal liability attaches to an employee's constitutional wrongs where the failure to train or supervise is so deficient that it shows "deliberate indifference to the rights" of those with whom the employees interact); Bd. Of County Comm'rs v. Brown, 520 U.S. 397, 411 (1997) (Municipal liability attaches for an employee's constitutional wrongs where "adequate scrutiny of an applicant's background would [have led] a reasonable policymaker to conclude that the plainly obvious

16

1983 claims against both the City and the Perth Amboy Police Department are dismissed. See Padilla v. Twp. of Cherry Hill, 110 F. App'x. 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." (citation and internal quotation marks omitted)); see also Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability."); N.J.S.A. 40A:14-118 (declaring that New Jersey police departments are "an executive and enforcement function of municipal government").

Similarly, the claims against the City pursuant to state law claims must also be dismissed. Pursuant to the New Jersey Torts Claims Act, a municipality does not bear liability for any intentional or willful misconduct committed by its employees. N.J.S.A. 59:2-10 provides that "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." Thus, "N.J.S.A. 59:2-10 creates municipal immunity for intentional public employee misconduct." Merman v. City of Camden, 824 F. Supp. 2d 581, 591 (D.N.J. 2010) (dismissing the plaintiff's claims that the city was vicariously liable for the alleged excessive force and assault and battery by the city's police officers) (internal quotation and citation omitted). Accordingly, Plaintiffs' state claims related to excessive use of force stemming from alleged assault and battery are dismissed.

### III. CONCLUSION

---

consequences of the decision to hire . . . would be the deprivation of a third party's federally protected right," and such screening would have shown that "this officer was highly likely to inflict the particular injury suffered by the plaintiff.").

For the foregoing reasons, Defendants' partial motion for summary judgment is granted in part and denied in part. The negligence claims set forth in count six against the City of Perth Amboy and the Perth Amboy Police Department based on excessive use of force are dismissed.

With respect to the outstanding excessive use of force claims against individual Defendant Officers:

1. The claim by Mr. Torres against Officer Defendant Clark is dismissed. The claim by Mr. Maxwell against Officer Defendant Clark remains.

2. The claims by Messrs. Torres, Marquez, and Maxwell against Officer Defendant Joy are dismissed.

3. The claims by Messrs. Torres, Marquez, and Maxwell against Officer Defendant Guzman are dismissed.

4. The claims by Messrs. Torres, Marquez, and Maxwell against Officer Defendant Martinez are dismissed.

5. The claims by Messrs. Torres, Marquez, and Maxwell against Officer Defendant Munoz remain.

6. The claims by Messrs. Torres, Marquez, and Maxwell against Officer Defendant Vazquez are dismissed.

The Court will enter an order implementing this opinion.

/s/Dickinson R. Debevoise
**DICKINSON R. DEBEVOISE, U.S.S.D.J.**

**Dated:** December 20, 2013